**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-2037**

———————————

MAXIMINO RAMOS,

　　　　　　Petitioner,

　　　v.

TODD BLANCHE, Acting Attorney General,

　　　　　　Respondent.

------------------------------

IMMIGRANT DEFENSE PROJECT,

　　　　　　Amicus Supporting Petitioner.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Argued: May 6, 2026　　　　　　　　　　　　　　Decided: July 9, 2026

———————————

Before DIAZ, Chief Judge, and RICHARDSON and HEYTENS, Circuit Judges.

———————————

Petition granted; order vacated and remanded by published opinion. Chief Judge Diaz wrote the opinion, in which Judge Richardson and Judge Heytens joined.

———————————

**ARGUED:** Benjamin Ross Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner. Virginia Lee Gordon, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Rossana Rolon Grau, ROLON GRAU IMMIGRATION LAW FIRM, PLC, Falls Church,

Virginia, for Petitioner.   Brett A. Shumate, Assistant Attorney General, Lindsay B. Glauner, Margot L. Carter, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.   Philip L. Torrey, Peyton Jefferson, Supervised Law Student, Ariel Boone, Supervised Law Student, Crimmigration Clinic, HARVARD LAW SCHOOL, Cambridge, Massachusetts, for Amicus Curiae.

--------

DIAZ, Chief Judge:

A noncitizen convicted of an aggravated felony may face serious immigration consequences.[1]  The Department of Homeland Security charged Maximino Ramos as removable based on its view that his conviction under Virginia's embezzlement statute was one for a crime of fraud or deceit, a type of aggravated felony.

An immigration judge and the Board of Immigration Appeals agreed.  But after wading through the morass of the categorical approach, we conclude that Virginia's unusual embezzlement statute doesn't categorically require fraudulent or deceitful conduct. So we grant Ramos's petition, vacate his final order of removal, and remand to the agency for further proceedings.

## I.

## A.

Ramos, a Honduran citizen, was a lawful permanent resident of the United States. His wife is also a lawful permanent resident, and their daughter is a U.S. citizen.

Ramos participated in a scheme to take scrap metal wiring from his employer and trade it for cash at a metal recycling facility.  Ramos and his codefendants made over $46,000 from the sales.

---

[1] 8 U.S.C. § 1101(a)(43) defines "aggravated felony" for purposes of the Immigration and Nationality Act.  A noncitizen convicted of an aggravated felony is subject to removal, must be detained, and is ineligible for asylum, cancellation of removal, and voluntary departure.  8 U.S.C. §§ 1227(a)(2)(A)(iii), 1226(c)(1)(B), 1158(b)(2)(B)(i), 1229b(a)(3), 1229c(b)(1)(C).

On those facts, a Virginia court found Ramos guilty of embezzlement under Va. Code Ann. § 18.2-111, which provides:

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement. Proof of embezzlement shall be sufficient to sustain the charge of larceny. Any person convicted hereunder shall be deemed guilty of larceny and may be indicted as for larceny and upon conviction shall be punished as provided in § 18.2-95 or § 18.2-96.

After Ramos served his sentence, the Department of Homeland Security detained him and charged him as deportable based on his (alleged) aggravated-felony conviction. 8 U.S.C. § 1101(a)(43)(M)(i).

## B.

Soon after, Ramos's daughter filed a family visa petition on his behalf. Although Ramos was a lawful permanent resident, that visa would have permitted him to seek readjustment of his status and avoid removal. Ramos sought several continuances of his removal proceeding to allow U.S. Customs and Immigration Services to adjudicate his visa.

The immigration judge granted Ramos three continuances. But after the government rejected Ramos's motion to expedite visa processing, the judge denied Ramos's fourth continuance motion and set a merits hearing.

4

The immigration judge found that Ramos's embezzlement conviction involved fraud or deceit and thus was an aggravated felony. So the judge ordered Ramos removed to Honduras.

C.

Ramos appealed to the Board. While that appeal was pending, the government mistakenly deported him. The government brought Ramos back. The government also assured us that its error hadn't impacted Ramos's removal proceeding and represented that it had implemented safeguards to ensure this sort of error will not happen again.

Ramos's appeal proceeded. The Board agreed that embezzlement counted as a crime of fraud or deceit, and that the immigration judge hadn't erred in denying Ramos's last continuance motion. So Ramos was removed to Honduras.

He petitioned for our review.

Days later, the government granted Ramos's visa petition.[2]

---

[2] Had the government granted Ramos's visa petition before he had a final order of removal, he might have sought readjustment of status to terminate the removal proceeding. But because the removal proceeding here had concluded, the visa made no practical difference.

## II.

We consider whether a crime counts as an aggravated felony de novo. *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017).[3]

## A.

Relevant here, offenses that "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000" are aggravated felonies. 8 U.S.C. § 1101(a)(43)(M)(i).

To decide whether an offense fits in that bucket, we use the categorical approach. *Kawashima v. Holder*, 565 U.S. 478, 483 (2012). We "consider only the elements of the statute of conviction rather than the . . . conduct underlying the offense." *Omargharib v. Holder*, 775 F.3d 192, 196 (4th Cir. 2014). And we "presume that the prior conviction rested upon nothing more than the least of the acts criminalized" and ask whether those acts necessarily involve fraud or deceit. *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (citation modified); *Kawashima*, 565 U.S. at 484.

## B.

We start with the federal statute and ask what it means for an offense to "involve[] fraud or deceit." 8 U.S.C. § 1101(a)(43)(M)(i).

Fraud means "an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right," or a "false representation of a matter of fact, whether by words or by conduct, by

---

[3] We review both the immigration judge's decision and the Board's since the Board affirmed and provided its own reasoning. *Ai Hua Chen v. Holder*, 742 F.3d 171, 177 (4th Cir. 2014).

6

false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his injury." *Soliman v. Gonzales*, 419 F.3d 276, 282 (4th Cir. 2005). Fraud requires the "intent to deceive or trick." *Id.* at 285.

Deceit means "the act or practice of deceiving (as by falsification, concealment, or cheating)." *Kawashima*, 565 U.S. at 484; *see also* Black's Law Dictionary 405 (6th ed. 1990) ("A fraudulent and deceptive misrepresentation . . . used . . . to deceive or trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon.").

An offense counts as an aggravated felony only if it "necessarily entail[s] fraudulent or deceitful conduct." *Kawashima*, 565 U.S. at 483–84. "[F]raudulent or deceitful" conduct must involve trickery, misrepresentation, or intentional concealment. We say "intentional concealment" and not *any* concealment because for a concealment to count as fraud, it must be a "false representation of a matter of fact . . . intended to deceive another." *Soliman*, 419 F.3d at 282. Conduct isn't fraudulent or deceitful merely because it's unethical or dishonest; it must involve a fraudulent or deceitful action.

The Supreme Court parsed this line in *Kawashima*. *See* 565 U.S. at 487–88. The Court concluded that filing a false tax return categorically involves fraud or deceit because its elements require an intentional misrepresentation. *Id.* at 484–85. Tax evasion, by

7

contrast, doesn't count because it's possible to evade taxes "without making any misrepresentation." *Id.* at 488.[4]

## C.

So we move to the Virginia statute, and ask whether, by its elements, it requires misrepresentation, trickery, or intentional concealment. Because the Supreme Court of Virginia has interpreted § 18.2-111, "that interpretation constrains our analysis." *United States v. Aparicio-Soria*, 740 F.3d 152, 154 (4th Cir. 2014) (en banc).

Virginia's "definition of embezzlement in Code § 18.2-111 does not parallel the traditional definition of that crime." *Gwaltney v. Commonwealth*, 452 S.E.2d 687, 691 (Va. Ct. App. 1995). Instead, what Virginia calls "embezzlement" is essentially a form of larceny that begins with the perpetrator lawfully possessing the stolen property. *Id.*

The government nevertheless argues that the offense requires *both* fraud and deceit. We're not persuaded.

A cursory glance at § 18.2-111 might leave the impression that it requires fraud because it uses the word "fraudulently." But we can quickly dispose of that low-hanging fruit. As Virginia's high court has explained, "fraudulently" under the embezzlement statute means wrongful or felonious intent. *See, e.g.*, *Page v. Commonwealth*, 138 S.E.

---

[4] The Court provided an example—"a taxpayer who files a truthful tax return, but who also takes affirmative steps to evade payment by moving his assets beyond the reach of the Internal Revenue Service." *Kawashima*, 565 U.S. at 488.

8

510 (Va. 1927); *accord Bain v. Commonwealth*, 205 S.E.2d 641, 644 (Va. 1974).[5]  It has nothing to do with fraudulent or deceitful conduct.[6]

To convince us otherwise, the government points to our decision in *United States v. Good*, 326 F.3d 589 (4th Cir. 2003).  There, the defendant failed to disclose her Virginia embezzlement conviction on a background check that asked whether she'd been convicted of "Dishonesty, Fraud, or Misrepresentation."  *Id.* at 589.  In rejecting the government's argument that the indictment (which charged making a fraudulent statement) should stand because "embezzlement falls within the purview of . . . crimes of theft, fraud, dishonesty, and misrepresentation," we commented that "[t]here is no question . . . that embezzlement is a felony *involving* dishonesty, fraud, and misrepresentation."  *Id.* at 592.

But that statement is dicta.  And in any event, we weren't considering there whether § 18.2-111 *categorically* involves fraud or deceit.  We were instead deciding whether Good had been convicted of "Dishonesty, Fraud, or Misrepresentation," and, in a literal sense, she had not.  *Id.*  An aside suggesting that embezzlement might *colloquially* involve dishonesty, fraud, or misrepresentation has no bearing on the specific inquiry of whether

---

[5] The Board of Immigration Appeals was mistaken to rely on *Wells v. Commonwealth*, 724 S.E.2d 225, 229 (Va. App. 2012) for the proposition that embezzlement categorically involves fraud.  All *Wells* did was recite the "wrongfully and fraudulently" mens rea.

[6] To take another example, "fraudulently" is the mens rea for Virginia's robbery statute.  *Pierce v. Commonwealth*, 138 S.E.2d 28, 31 (Va. 1964).  Surely robbery does not involve fraud.

§ 18.2-111 *categorically* involves those things. *See Puentes Fernandez v. Keisler*, 502 F.3d 337, 343 n.2 (4th Cir. 2007) (stare decisis applies only to issues "squarely addressed").

The government more persuasively argues that embezzlement in Virginia requires a concealment or omission. To be sure, many embezzlement cases involve concealment. Maybe even most cases. But in the bizarro world that is the categorical approach, the question isn't whether embezzlement can, or even usually does, involve concealment; it's whether embezzlement *always* involves concealment by its elements.

Even adopting the government's capacious view of concealment for argument's sake, we can't conclude embezzlement categorically involves it. That's because under Virginia's statute, a person is no more or less guilty of embezzlement if he discloses his intent to do it. Concealment isn't part of the calculus.

Here's one (unlikely) example. Say that you deliver your car to a valet to park while you have dinner. If the valet instead steals the car, he wouldn't be any less guilty of embezzlement if he called and told you before driving off. The statute, by its elements, criminalizes the unauthorized taking of another's property; it's agnostic on whether the embezzler tells his victim.

Another example. Imagine an employee raids his office supply closet on Friday afternoon to stock up on paper goods for a party he's throwing that weekend. He's likely committed embezzlement: he wrongfully took property available to him through his job. But it's hard to say he concealed anything, much less intentionally so.

In some cases the employee's conduct might involve concealment—say, if he took the goods very late at night. But the elements of embezzlement don't require any

10

concealment.[7]  So the employee is guilty of embezzlement even if he openly carried the stolen goods right past his boss while wishing him a nice weekend.  The point is that Virginia law punishes the wrongful act of his taking of the goods, not his failure to tell his boss he was going to do it.

To be clear, embezzlement is neither honest nor advisable.  But—at least in Virginia—it's possible to embezzle without misrepresenting, tricking, or concealing.  So embezzlement isn't categorically a crime of fraud or deceit.

Because Ramos wasn't convicted of an aggravated felony under the theory the government charged, we grant his petition, vacate his final order of removal, and remand to the agency for further action consistent with this opinion.[8]

*PETITION GRANTED;*
*ORDER VACATED*
*AND REMANDED*

---

[7] We've rejected the idea that Virginia's embezzlement statute has any requirement of "a special relationship of trust or confidence" or "entrustment."  *OpenRisk LLC v. MicroStrategy Servs. Corp.*, 876 F.3d 518, 525 (4th Cir. 2017).  So the government's theory that embezzlement involves concealment because it requires an abuse of trust is a nonstarter.

[8] Given our disposition, we need not reach Ramos's continuance argument.  And we deny Ramos's motion to expedite as moot.

11